NO. 07-09-0069-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 29, 2009

_____

In the Interest of A.J.P., A Child

_____

FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;

NO. 10,854; HON. RON ENNS, PRESIDING

_____

*On Abatement and Remand*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Adrian Ryan Santos filed a notice of appeal evincing his desire to appeal an order terminating his parental rights to A.J.P., a minor child. On April 7, 2009, this court received a letter from the court reporter for the 69th judicial district advising that no request has been made for the preparation of the reporter's record in the above referenced appeal. From documents filed with this court by Santos, it appears that he is incarcerated in Colorado. Accordingly, we abate this appeal and remand the cause to the 69th District Court of Dallam County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.  whether Santos desires to prosecute the appeal; and,

2.  whether Santos is indigent and entitled to appointed counsel and a free record on appeal.

The trial court shall cause the hearing to be transcribed. Should the trial court find that Santos desires to pursue the appeal, is indigent, and entitled to appointed counsel, we further direct it to appoint counsel to assist Santos in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the counsel, if any, who will represent Santos on appeal must also be included in the court's findings of fact and conclusions of law. So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk's record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the district court shall then file the supplemental record and reporter's record transcribing the hearing with the clerk of this court on or before May 29, 2009. Should further time be needed by the trial court to perform these tasks, then same must be requested before May 29, 2009.

It is so ordered.

Per Curiam